951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard PEREZ, Defendant-Appellant.
 No. 90-10348.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1991.*
Decided Dec. 16, 1991.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Perez was indicted for making, possessing, and passing counterfeit U.S. currency, and for being a felon in possession of a firearm. He pled not guilty, and was convicted by a federal jury on all counts. Perez was sentenced to fifty-seven months of imprisonment, followed by three years of supervised release, and he timely filed notice of appeal. Perez alleges five errors on appeal, which we address in turn.
 
 
 3
 * Perez urges that his conviction be reversed because the court reporter lost a tape upon which part of his trial was recorded. Hence, no transcript exists for parts of Perez' testimony, and all of the testimony of two other defense witnesses. Pursuant to Federal Rule of Appellate Procedure 10(c), however, the district court has certified statements submitted by the parties to substitute for the lost transcript on this appeal. The court certified in whole the statement submitted by Perez, subject to the government's objection to two words in Perez' statement. The court also certified a statement from the government which added detail to the rather spare statement submitted by Perez.
 
 
 4
 "Although a failure to record parts of a trial proceeding may constitute error, courts have not adopted a per se rule of reversal." Bergerco, U.S.A. v. Shipping Corp. of India, 896 F.2d 1210, 1215 (9th Cir.1990). Rather, "[a]n appellant must point to specific errors alleged to have occurred during the unrecorded portions to support a claim that the absence of a complete transcript resulted in prejudicial error requiring a new trial." Id.
 
 
 5
 We conclude that the Rule 10(c) statements provide an adequate substitute to a transcript for the small part of Perez' trial for which a transcript is not available. Our consideration of Perez' other contentions on this appeal is not prejudiced by the incomplete transcript.[1] Perez "has failed to show that the record in its present form is insufficient to review any claims of error, and he has failed to show that he has been prejudiced by the partial loss of the record." United States v. Kenney, 911 F.2d 315, 318 (9th Cir.1990).
 
 II
 
 6
 Perez contends that the district court improperly limited defense counsel's cross-examination of government witness Michael Minnigerode. A central element of Perez' defense at trial was that Minnigerode had entrapped Perez. Perez alleges that he was not allowed to present to the jury Minnigerode's alleged motive to entrap Perez: that Minnigerode faced drug charges in Missouri and sought the intercession of the Phoenix police to have the charges dropped, and that such charges were dropped after Perez' arrest.[2]
 
 
 7
 We review a district court's decision to limit cross-examination for an abuse of discretion. United States v. Brown, 936 F.2d 1042, 1049 (9th Cir.1991). "The [S]ixth [A]mendment right to cross-examine adverse witnesses does not empower a defendant to pursue irrelevant inquiries or exercise complete control over the extent of the cross-examination." Id. at 1048. Our inquiry is focused on "whether the 'jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " Id. at 1049 (quoting Skinner v. Cardwell, 564 F.2d 1381, 1389 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978)).
 
 
 8
 On direct examination, Officer Maxwell described generally the arrangement the Phoenix police had had over the years with Minnigerode, trading information for the dismissal of charges. He also testified about the particular circumstances of the Perez investigation, how the Phoenix police had promised to intercede with the authorities in Missouri if Minnigerode provided information on criminal activity. On cross-examination, Officer Maxwell conceded that the charges against Minnigerode in Missouri were not dropped until after Perez was arrested. Because the jury was presented with the basic facts concerning any motivation Minnigerode might have had to entrap Perez, the trial court did not abuse its discretion.
 
 III
 
 9
 Perez argues that "the bias of the judge deprived the defendant of his right to due process and deprived him of the right to a presumption of innocence in violation of the Fifth and Sixth Amendments." Perez references a number of remarks made by the trial judge that he alleges indicate bias.
 
 
 10
 The essence of Perez' claim is that comments from the trial judge on the value of certain testimony and on the need to avoid delay in trying the case influenced the jury to believe Perez' defense was unimportant or meritless. Yet of the seventeen instances of supposed improper remarks by the trial judge cited by Perez, six were not even made in the presence of the jury. One of the remaining eleven comments merely consisted of excusing the jury for the day and telling them that court would begin a half-hour earlier the next day. Of the other ten comments, all were interruptions of questioning or argument that the judge ruled had become irrelevant and a waste of time, impliedly based on Federal Rule of Evidence 403. Four of these comments were directed at the prosecutor and six at defense counsel.
 
 
 11
 "[A] judge is not 'expected to sit mute and impassive, speaking only to rule on motions or objections.' " United States v. Sanchez-Lopez, 879 F.2d 541, 552-53 (9th Cir.1989). (quoting United States v. Eldred, 588 F.2d 746, 749 (9th Cir.1978)). Far from exhibiting bias, the remarks of the trial judge here were evenhanded and entirely consistent with his role of managing a trial. By necessity a judge makes routine evidentiary rulings before the jury, despite the possibility that jurors may speculate from such rulings upon the judge's views on the merits. We see no deprivation of Perez' constitutional rights in the comments here.
 
 IV
 
 12
 Perez contends that Minnigerode induced him to engage in counterfeiting, and that accordingly the district court erred in denying his motion for acquittal based on entrapment. "In reviewing the denial of a motion for acquittal based on entrapment as a matter of law, the court must view the evidence in the light most favorable to the government, and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Citro, 842 F.2d 1149, 1151 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 13
 "In order to establish entrapment a defendant must show that he was (1) induced to commit the crime by a [g]overnment agent and (2) not otherwise predisposed to commit the crime." United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991). Predisposition is indicated by factors such as:
 
 
 14
 (1) the character or reputation of the defendant, including any prior criminal record; (2) whether the suggestion of criminal activity was initially made by the [g]overnment (less important); (3) whether the defendant engaged in the criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated [g]overnment inducement or persuasion (most important); and (5) the nature of the inducement or persuasion supplied by the [g]overnment.
 
 
 15
 Id.
 
 
 16
 Application of such factors here shows predisposition. Minnigerode testified that it was Perez who first suggested the idea of counterfeiting. Although Perez testified to the contrary, we view the evidence in the light most favorable to the government. Perez makes much of the fact that Minnigerode allegedly bought some of the supplies for counterfeiting, but it was Perez himself who provided the indispensable element of the entire scheme: access to a color laser copier. Further, there was no testimony that Perez was reluctant to counterfeit, and was only overcome by repeated entreaties from Minnigerode, or that Perez did not expect to profit from this enterprise. We have no difficulty concluding that the trial court did not err in denying Perez' motion for acquittal based on entrapment.
 
 V
 
 17
 Perez contends that the government engaged in outrageous conduct such that due process requires a reversal of his conviction. We review such claims de novo. Smith, 924 F.2d at 897. "For a due process dismissal, the [g]overnment's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice. The [g]overnment's involvement must be malum in se or amount to the engineering and direction of the criminal enterprise from start to finish." Id. (citation omitted).
 
 
 18
 Perez alleges that Minnigerode first attempted to get Perez involved in a drug deal, and that when Perez refused, Minnigerode then induced Perez to engage in counterfeiting. Even if true, the fact that Minnigerode first suggested a drug deal, and that when Perez begged off, Minnigerode next suggested counterfeiting, is not so shocking as to violate the universal sense of justice. Indeed, this circuit has upheld government conduct ranging from the use as an informant of a heroin-addicted prostitute who was sleeping with the defendant, see United States v. Simpson, 813 F.2d 1462, 1465-71 (9th Cir.), cert. denied, 484 U.S. 898 (1987), to government agents encouraging teenage patients in drug-treatment centers to deal drugs, see Smith, 924 F.2d at 897, against claims of outrageousness. To make out a claim of outrageous governmental conduct, "a defendant must meet an extremely high standard," id., and Perez has failed to do so here.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 It is undisputed that defense counsel made a motion for acquittal during the period covered by the lost tape. Although Perez did not set forth in his Rule 10(c) statement the bases for such motion, we assume for this appeal that included among the reasons for the motion were alleged judicial bias and entrapment, and hence that these issues are not raised for the first time on appeal
 
 
 [2]
 Perez has failed in his brief to indicate any place in the record where the district court prevented him from cross-examining Minnigerode, in violation of our Circuit Rule 28-2.8